IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:21-cv-00258 |
| MILTON AL STEWART,[1] in his official capacity as Acting Secretary of the U.S. Department of Labor, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**UNCONTESTED MOTION TO STAY THE DEADLINE
TO RESPOND TO THE COMPLAINT**

Defendants move the Court to stay Defendants' deadline to respond to the complaint to

allow new leadership at the U.S. Department of Labor (DOL) to fully consider the issues raised in

this case. During the period of the proposed stay, Defendants propose to file status reports every

60 days, with the first status report to be filed on May 25, 2021, which is 60 days after Defendants'

current response deadline of March 26, 2021. Plaintiffs do not oppose the relief sought in this

motion. In support, Defendants state as follows:

1. Plaintiffs have brought this action to challenge the following DOL regulation: *Tip*

*Regulations Under the Fair Labor Standards Act (FLSA)*, 85 Fed. Reg. 86,756 (Dec. 30, 2020) (to be

codified at 29 C.F.R. §§ 10, 516, 531, 578-80) ("Tip Rule"). Plaintiffs have brought their claims

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Milton Al Stewart has been automatically substituted as a Defendant sued in his official capacity for Former Secretary of Labor Eugene Scalia.

under the Administrative Procedures Act (APA), 5 U.S.C. §§ 706(2)(C), (2)(A). Compl , Doc. No. 1, ¶¶ 8, 176-85.

2. Plaintiffs filed their complaint on January 19, 2021. Plaintiffs then served Defendants, pursuant to Fed. R. Civ. P. 4(i), including by serving a copy of the complaint on the United States' Attorney's Office for the Eastern District of Pennsylvania on January 25, 2021. Accordingly, Defendants' current deadline to respond to the complaint is March 26, 2021. *See* Fed. R. Civ. P. 12(a)(2).

3. On January 20, 2021, due to the change of administration, new leadership assumed responsibility for the U.S. Department of Labor.

4. The effective date of the Tip Rule originally was March 1, 2021. However, on February 24, 2021, DOL issued a final rule that delayed the effective date of the Tip Rule by 60-days, to April 30, 2021, to give the new leadership at DOL additional time to review issues of law, policy, and fact raised by the Tip Rule before the Tip Rule goes into effect. 86 Fed. Reg. 11632 (published on February 26, 2021). This delay was consistent with a January 20, 2021 Presidential Memorandum to Heads of Executive Departments and Agencies to consider delaying effective dates for certain regulations, such as the Tip Rule, to allow the incoming administration to review new or pending rules. *See* Regulatory Freeze Memorandum, 86 Fed. Reg. 7424 (published on January 28, 2021).

5. Good cause exists for the requested stay of Defendants' deadline to respond to the complaint. As noted in the Final Rule delaying the Tip Rule's effective date, DOL is currently reviewing legal, policy, and factual issues raised by the Tip Rule, including whether it may elect to propose revisiting the Tip Rule following this review. 86 Fed. Reg. at 11634. The proposed filing

of status reports on 60-day intervals will allow Defendants to provide periodic updates to the Court about agency decision-making regarding the Tip Rule during the period of the proposed stay. Moreover, the relief requested herein will not unduly delay proceedings because the parties intend to provide the Court with additional updates, as needed, regarding significant developments in agency decision-making for the Tip Rule.

6. Pursuant to Local Rule 7.1(b), undersigned counsel has conferred with counsel for Plaintiffs and certifies that this motion is uncontested.

WHEREFORE, Defendants request that the Court stay the deadline to respond to the complaint and set a schedule requiring Defendants to file status reports every 60-days, commencing with a status report on May 25, 2021.

Dated: March 18, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRAD P. ROSENBERG
Assistant Director, Federal Programs Branch

*/s/ Olivia Hussey Scott*
OLIVIA HUSSEY SCOTT
Senior Counsel, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L St. N.W., Rm. 11112
Washington, D.C. 20005
Telephone: (202) 616-8491
Fax: (202) 616-8470
Email: Olivia.Hussey.Scott@usdoj.gov

*Counsel for Defendants*

COMMONWEALTH OF )
PENNSYLVANIA, *et al.*, )
)
Plaintiffs, )
)
v. ) Case No. 2:21-cv-00258
)
MILTON AL STEWART, in his official )
capacity as Acting Secretary of the U.S. )
Department of Labor, *et al.*, )
)
Defendants. )

## <u>CERTIFICATE OF COUNSEL THAT THE MOTION IS UNCONTESTED</u>

Pursuant to Local Rule of Civil Procedure 7.1(b), the undersigned hereby certifies that the

Motion to Stay the Deadline to Respond to the Complaint is uncontested.

Dated: March 18, 2021        Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRAD P. ROSENBERG
Assistant Director, Federal Programs Branch

*/s/ Olivia Hussey Scott*
OLIVIA HUSSEY SCOTT
Senior Counsel, Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L St. N.W., Rm. 11112
Washington, D.C. 20005
Telephone:  (202) 616-8491
Fax:  (202) 616-8470
Email:  Olivia.Hussey.Scott@usdoj.gov

*Counsel for Defendants*